CARLTON GODFREY ET AL., RESPONDENTS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC ET AL., APPELLANTS.

Argued March 20, 1917—Decided April 27, 1917.

Chapter 122 of the laws of 1914 (*Pamph. L., p.* 203) is not a grant of power to reconstruct county roads in the broad sense of the term "reconstruction," but is limited to the "reconstruction contemplated under the provisions of an act entitled 'An act to provide for the permanent improvement and maintenance of public roads in this state (Revision of 1912), approved April 15th, 1912.'" *Pamph. L., p.* 809.

On appeal from the Supreme Court, whose opinion is reported in 89 *N. J. L.* 511.

For the appellants, *Emerson L. Richards* and *Louis Hood* (*Riker & Riker* on the brief).

For the respondents, *Theodore W. Schimpf* and *Clarence L. Cole.*

The opinion of the court was delivered by

GARRISON, J.   The facts of this case are fully stated in the opinion of Mr. Justice Black, who set aside the award of a contract for the improvement of certain public roads.   *Godfrey* v. *Chosen Freeholders,* 89 *N. J. L.* 511.

We agree that the contract was not legally awarded, but find it unnecessary to lay down any rule as to conditional awards generally.

In the present case, the conditional award made on November 8th, 1916, was by its own terms rendered void by the election to which it referred.   There was, therefore, on November 24th, 1916, no award and no power to make one, since the meeting held on that date was not an adjourned meeting or one to which the matter had been continued; moreover, all bids but one had been rejected and none of the statutory safeguards thrown around the awarding of such a contract was or could have been complied with.   The award made at that meeting had not even the semblance of legality.   Our affirmance of the judgment of the Supreme Court might well rest upon this ground alone, were it not for the fact that there is a more fundamental question that has been fully argued by counsel and that ought, in the interests of the public, to be decided before any further action is taken by the board of chosen freeholders under chapter 122 of the laws of 1914, which, admittedly, is the authority upon which the right to make the proposed improvement rests.   That statute is not a grant of power to reconstruct county roads in the broad sense of the term "reconstruction," nor does it leave it

to the courts to give such broad meaning to it. The statute itself defines the word by limiting it to the "reconstruction contemplated under the provisions of an act entitled 'An act to provide for the permanent improvement and maintenance of public roads in this state. (Revision of 1912), approved April 15th, 1912.'" We are thrown back, therefore, upon the act of 1912 in order to ascertain the sense in which the word "reconstruction" is used in that act, and when such sense is ascertained such meaning and none other must be given to it in the act of 1914. Turning, then, to the act of 1912, we find it to be a revision of the Public Roads act dealing, as its title imports, with the permanent improvement of public roads and their maintenance. The improvement of a public road is described generally by the act to be its construction as a macadamized, telford, stone, gravel or other sort of road; and the maintenance of such an improved road includes a provision for any extraordinary repairs or reconstruction of which such road may be in need.

This is the sort of reconstruction that is contemplated by the act of 1912, a reconstruction that is, upon the one hand, closely associated with the idea of repairs, and upon the other, sharply contrasted with the idea of construction. So, that upon comparing the provisions of that act with the provisions of the present contract, the latter could by no stretch of the imagination be brought within the provision for reconstruction of the act of 1912.

This being so, it follows imperatively that such contract provisions cannot be brought within the authority to reconstruct granted by the act of 1914, which in express terms applies to such reconstruction only as was contemplated by the act of 1912.

The award of the contract, therefore, was not only invalid because not legally made, but also because the board of chosen freeholders were without authority to make the proposed improvement.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 10.

*For reversal*—None.